Patterson, Auditor, &c. *v.* The Board, &c., of Daviess County.

ricide in the Athenian law, to be passed over in silence in a code of professional ethics."

"A pleader is suspendable when he is attainted to have received fees of two adversaries in one cause." Mirrour of Justices, chap. 2, sec. 5.

• Where an attorney has, in the course of other business, or in conducting other suits, obtained a knowledge of matters connected with the suit in question, Courts will not, in general, simply on the fact of such knowledge, restrain an attorney from acting against the party through whose business he obtained such knowledge, especially where such party does not desire his services. • But he is never allowed to change sides in the same suit. 1 Monel Pr. 182. See, also, *Wilson* v. *The State*, 16 Ind. 392; *Henry* v. *Raiman*, 25 Penn. St. Rep. p. 354. And see Selwyn's Nisi Prius, vol. 1, p. 165, 7th Am. ed., for a large collection of cases relative to attorneys at law.

Another point. The judgment was for 85 dollars more than the sum claimed in the complaint. The judgment in a cause can not legally exceed the amount thus claimed as a general proposition.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, not inconsistent with this opinion.

*A. Ellison*, for the appellant.

---

## PATTERSON, Auditor, &c. *v.* THE BOARD OF COMMISSIONERS OF DAVIESS COUNTY.

Section 172, p. 383, 2 R. S. 1852, continues in force the act of 1843, p. 1002, R. S. 1843, requiring the county in which a criminal pros-

ecution is begun, to bear the expense of the prosecution upon a change of the venue thereof to another county, and payment thereof may be enforced by proper mandate.

APPEAL from the *Knox* Circuit Court.

HANNA, J.—A defendant, charged with murder, was, on change of venue from *Knox* county, tried in *Daviess*. For the expenses incurred by the latter county, in that trial, the Circuit Court thereof, on motion of appellees, ordered that appellant should draw an order on the treasurer of *Knox* county. The latter county appeared to said motion and resisted, &c.

These facts were shown to the *Knox* Circuit Court, and that appellant refused to draw such order in pursuance of the said order of the *Daviess* Circuit Court, and a mandate was prayed. A rule to show cause was granted. Appellant appeared and demurred, which was overruled, and final judgment against him.

Two questions are presented: 1st. Is *Knox* county liable for said costs? 2d, If so, were the proper steps taken by appellees?

It is conceded that there is not in, nor subsequent to, the revision of 1852 any express statute requiring the county, in which an indictment may be found, or a prosecution initiated, to pay the expenses of the prosecution after the case shall have passed therefrom by change of venue. But it is contended that section 172, p. 383, 2 R. S. 1852, continues in force the act of 1843, p. 1002, upon that subject. The statute of 1852 is as follows: "The laws and usages of this State relative to pleadings and practice in criminal actions, not inconsistent herewith, as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." By the act of 1843 the county from which the change should be taken had to bear the expense, as audited and allowed by the Court trying the cause.

If this provision can be properly considered as being relative to pleadings and practice, in criminal actions, then the inquiry would arise, under the section quoted of the act of 1852, whether it was continued in force. But if it does not fall within "the laws and usages of this State" of that character, then we can not further deliberate as to whether it is continued in force.

We are of opinion that the practice in criminal cases contemplated by this statute includes, among other things, the usual orders, &c., of the Court in reference to the costs of such proceedings. This being so, the statute of 1843 is continued in force in regard to costs on changes of venue in such cases.

As to the second question, we see no objection to the mode of proceeding. The Court in *Daviess* made the requisite order, and as the Auditor of *Knox* disobeyed the same, we suppose it was proper, under the statute, in pursuing the remedy here sought, to institute the proceeding to obtain it in the county where he resided.

*Per Curiam.*—The judgment is affirmed with costs.

*William E. Niblack*, for appellant.

*John Baker*, for appellee.